IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MAURICE MURPHY, 904985,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1068-P |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his conviction for aggravated sexual assault. *State of Texas v. Maurice Murphy*, No. F99-71481-HN (195th Jud. Dist. Ct., Dallas County, Tex., Dec. 1, 1999). Petitioner was sentenced to thirty years confinement.  On June 30, 2000, the Fifth District Court of Appeals affirmed the conviction and sentence. *Murphy v. State*, No. 05-99-02081-CR, (Tex. App. – Dallas 2000, no pet.).  Petitioner did not file a timely petition for discretionary review ("PDR").

On October 5, 2001, Petitioner filed a state application for writ of habeas corpus. *Ex parte Murphy*, Application No. 51,644-01.  On May 15, 2002, the Texas Court of Criminal Appeals dismissed the application because Petitioner's direct appeal was still pending.  On

October 5, 2005, Petitioner filed a second state habeas application. *Ex parte Murphy*, Application No. 51, 644-02. On December 10, 2008, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On June 2, 2009, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues he received ineffective assistance of counsel because:

1. Counsel failed to challenge the DNA evidence;

2. Counsel failed to inform Petitioner of a twenty year plea offer until after trial;

3. Counsel failed to allow Petitioner to testify on his own behalf.

On August 14, 2009, Respondent filed his answer arguing the petition is time-barred. On November 20, 2009, Petitioner filed his traverse. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2)

On June 30, 2000, the Fifth District Court of Appeals affirmed the conviction and sentence. The Court of Criminal Appeals granted Petitioner until November 8, 2000, to file a PDR. He did not file a PDR. His conviction therefore became final on November 8, 2000. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 8, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 5, 2001, Petitioner filed his first state petition for writ of habeas corpus. The Court of Criminal Appeals dismissed this petition because Petitioner's direct

---

  the conclusion of direct review or the expiration of the time for seeking direct review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**  Page -3-

appeal was still pending. The petition was therefore not properly filed and did not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (finding petition must be properly filed to toll the limitations period under § 2244 (d)(2)); *Kelly v. Quarterman*, 260 Fed. Appx. 629, 630-31 (5th Cir. 2007) (finding state habeas petition is not properly filed where Court of Criminal Appeals dismisses the petition because direct appeal is pending).

On October 5, 2005, Petitioner filed his second state habeas petition. This petition did not toll the limitations period because the limitations period had already expired.

Petitioner was required to file his federal § 2254 petition by November 8, 2001. He did not file his petition until June 2, 2009. His petition is therefore untimely.

Petitioner argues his petition should be considered timely because it was not until April 1, 2005, that he learned his counsel failed to inform him of a twenty year plea offer. The record reflects, however, that Petitioner raised this claim in his October 5, 2001, state habeas petition. *Ex parte Murphy*, No. 51,644-01 at 7. This petition was filed while Petitioner's direct appeal was pending. Petitioner therefore knew about this claim before his conviction became final. This claim does not extend the limitations period.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is actually innocent and because he received ineffective assistance of counsel. Claims of actual innocence do not support equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner's claim of ineffective assistance of counsel also does not support equitable tolling because the limitations period did not begin until Petitioner's conviction became final. At that point, Petitioner was no longer entitled to counsel and he filed his habeas petitions *pro se*. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 29th day of September, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).