IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAURICE MURPHY, 904985,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:09-CV-1068-P<br>) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | )<br>)<br>)<br>)<br>) |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. As discussed below, the objections are OVERRULED, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Petitioner objects to the Magistrate Judge's finding that: (1) his direct appeal was pending at the time he filed his first state habeas petition; (2) his first state habeas petition was not properly filed; (3) he was aware of his ineffective assistance of counsel claim before his conviction became final; and (4) his claim of actual innocence does not toll the limitations period.

1. **Direct Appeal**

The record reflects that the Fifth District Court of Appeals affirmed Petitioner's conviction on June 30, 2000. Petitioner filed a motion for extension of time to file a petition for

discretionary review ("PDR"). The Court of Criminal Appeals granted Petitioner until November 8, 2000, to file his PDR. Petitioner did not file a PDR.

Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." For federal AEDPA purposes, therefore, Petitioner's conviction became final on the last date that he could petition for discretionary review of his judgment, which was November 8, 2000. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) *cert. Granted*, __ U.S. ___, 131 S.Ct. 2989 (2011)); *see also* Tex. R.App.P. 68.2(a). Petitioner then had one year, or until November 8, 2001, to file his federal § 2254 petition.

Under Texas state law, a state habeas petition cannot be filed until mandate issues on direct appeal. *See* TEX. CODE CRIM. P. 11.07, Sec. 3. In this case, mandate issued on October 10, 2001. *Murphy v. State*, No. 05-99-02081-CR (Tex. App. – Dallas 2000, no pet.). Petitioner, however, filed his first state habeas petition on October 5, 2001. The Texas Court of Criminal Appeals therefore dismissed the petition because it was filed before mandate issued. Petitioner's objection is OVERRULED.

## 2.   Properly Filed

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because mandate had not issued on his direct appeal at the time he filed his habeas petition. *See* TEX. CODE CRIM. P. 11.07, Sec. 3. It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly

filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction), *cert. denied*, 543 U.S. 893(2004); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's first state habeas application was not properly filed, it did not statutorily toll the limitations period.

After the Court of Criminal Appeals dismissed Petitioner's first habeas petition on May 15, 2002, he did not file a second state habeas petition until October 5, 2005. This second petition was filed after the AEDPA limitations expired on November 8, 2001.

The Court recognizes that the federal AEDPA limitations period began to run prior to Petitioner's conviction being final under state law. This occurred because, under the AEDPA, the limitations begins to run at the conclusion of direct review, while under state law the conviction is not final until mandate issues. *See Roberts*, 319 F.3d at 694-95; *Gonzalez*, 623 F.3d at 224; TEX. CODE. CRIM. P. 11.07 Sec. 3. The Supreme Court has recently granted certiorari regarding whether the AEDPA limitations period begins at the conclusion of direct review as determined by the Fifth Circuit, or when the Texas state court issues mandate. *Gonzalez*, ___ U.S. ___, 131 S.Ct. 2989 (2011).

Even if the Court were to equitably toll the AEDPA limitations until the Court of Criminal Appeals dismissed Petitioner's first state habeas petition on May 15, 2002, however, Petitioner's federal petition would still be untimely. Applying equitable tolling, Petitioner's federal petition would be due by May 15, 2003. Petitioner, however, did not file his second state

3

habeas petition until October 5, 2005. He did not file his federal § 2254 petition until June 2, 2009. He has stated no reason for this delay. Petitioner's objection is therefore OVERRULED.

### 3. Ineffective Assistance of Counsel Claim

Petitioner argues the Magistrate Judge improperly found that he was aware of his ineffective assistance of counsel claim regarding a twenty year plea offer before his conviction became final. The record shows that Petitioner raised this claim in his October 5, 2001, state habeas petition. Petitioner therefore knew of his claim prior to the expiration of the AEDPA limitations period. Additionally, as discussed above, even if the Court were to grant equitable tolling until the Court of Criminal Appeals dismissed Petitioner's first habeas petition on May 15, 2002, Petitioner failed to file his federal petition within one year of that date. This objection is OVERRULED.

### 4. Actual Innocence

Petitioner argues he is actually innocent and that actual innocence equitably tolls the limitations period. Petitioner cites *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), in support of his claim. The *Davis* case, however, does not address equitable tolling of the limitations period. Further, the Fifth Circuit has determined that claims of actual innocence do not entitle a petitioner to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Henderson v. Thaler*, 626 F.3d 773, 780 (5th Cir. 2010). This objection is OVERRULED.

### 5. Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by

reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( )  the petitioner will proceed *in forma pauperis* on appeal.

( X )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 16th day of November, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.